**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel A. Chagolla, | No. CV-05-1397-PHX-SRB |
| Plaintiff, | **ORDER AND OPINION** |
| vs. | |
| United States Postal Service; American Postal Workers Union, | |
| Defendants. | |

Pending before the Court is Defendant American Postal Workers Union's ("APWU") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 6). The Court now rules on the motion.

**I.    BACKGROUND**

Plaintiff, Manuel A. Chagolla ("Chagolla") alleges that Defendant United States Postal Service ("USPS") and Defendant APWU violated the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552a. Plaintiff claims that the USPS sent two letters to the APWU containing twelve employees' names and social security numbers without the employees' consent.[1] Plaintiff further alleges that the APWU then copied the two letters that

---

[1] The names and correlating social security numbers were listed in two letters. One letter contained five names and social security numbers and the other contained seven.

it received from the USPS and sent each employee a copy of the letter without consent in violation of the Privacy Act.[2] After achieving unsatisfactory results from the APWU grievance process, Plaintiff filed a complaint on May 12, 2005, in this Court alleging that Defendants failed to obtain consent to disclose Plaintiff's social security number to other persons pursuant to the Privacy Act. On June 3, 2005, APWU filed a motion to dismiss.

## II.     LEGAL STANDARDS AND ANALYSIS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In determining whether a complaint states a valid claim, all allegations of material facts are taken as true and construed in the light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). The complaint should not be dismissed and the Court should give leave to amend unless it appears beyond doubt that there is "no set of facts" which would entitle the complainant to relief under the asserted claim. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102; *see also Balistreri*, 901 F.2d at 701. Furthermore, dismissal for insufficiency of a complaint is proper if, on its face, the complaint fails to state a claim. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980). The Court must liberally construe pleadings submitted by a *pro se* plaintiff, affording the plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court's liberal interpretation, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The Privacy Act states that, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency,

---

[2] It is unclear from Plaintiff's Amended Complaint if each employee received a copy of both letters or just a copy of the letter with his or her name and social security number listed in the document.

1 except pursuant to a written request by, or with the prior written consent of, the individual
2 to whom the record pertains . . . ." § 552a(b).  To bring a civil private right of action against
3 a defendant, the defendant must be a federal agency.  § 552a(g)(1).  The Privacy Act looks
4 to the Freedom of Information Act ("FOIA") for the definition of an "agency."  § 552a(a)(1).
5 The FOIA defines an "agency" as "any executive department, military department,
6 Government corporation, Government controlled corporation, or other establishment in the
7 executive branch of the Government (including the Executive Office of the President), or any
8 independent regulatory agency."  5 U.S.C. § 552(f).  Furthermore, the definition of an
9 "agency" does not include the following:

> Congress; the courts of the United States; the governments of the territories or possessions of the United States; the government of the District of Columbia . . . ; agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them; courts martial and military commissions . . . .

5 U.S.C. § 551(1)(A-H).  Several factors may be used to determine if an entity is considered an "agency" such as: (1) whether the entity is financed by the United States; (2) whether the entity was created by statute; (3) whether the entity performs executive functions; and (4) whether the entity is "operated under 'direct, pervasive, continuous regulatory control affecting even minutia of the procedures and functions.'"[3] *Irwin Mem'l Blood Bank v. Am. Nat'l Red Cross*, 640 F.2d 1051, 1055 (9th Cir. 1981).

Plaintiff asserts that the APWU violated the Privacy Act.  However, Plaintiff has failed to set forth in his Amended Complaint an essential element of the claim; he fails to allege that the APWU is a federal agency.  Even though Plaintiff is a *pro se* litigant, the

---

[3] *See Bruce v. United States*, 621 F.2d 914, 916 n.2 (8th Cir. 1980) (holding that § 552a(g)(1) does not apply to private individuals); *St. Michael's Convalescent Hospital*, 643 F.2d 1369, 1373 (finding that state agencies are not considered under the definition of agency); *Irwin Mem'l Blood Bank v. Am. Nat'l Red Cross*, 640 F.2d 1051, 1057-58 (9th Cir. 1981) (holding that private entities are not within the definition of an agency); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983) (not extending the definition of agency to state and local officials; *Unt. v. Aerospace Corp.*, 765 F.2d 1440, 1448 (9th Cir. 1985) (determining that the "mere fact that [a private corporation] receives funding and is regulated to some extent by the federal government does not bring it within the reaches of the Act").

- 3 -

1  Court cannot "supply essential elements of the claim that were not initially pled." *Ivey*, 673
2  F.2d at 268.
3      It bears noting that this deficiency could not be remedied by simply granting Plaintiff
4  leave to amend, as the APWU does not appear to be a federal agency.  Thus under Rule
5  12(b)(6), Plaintiff fails to state a claim upon which relief can be granted.

### III.   CONCLUSION

Because Plaintiff has failed to allege that the APWU is an agency pursuant to the Privacy Act, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. 6).

DATED this 3rd day of October, 2005.

_____
Susan R. Bolton
United States District Judge